## WRIGGINS v. STEVENS.

September 19, 1840.

*Rule to show cause why additional security should not be given.*

Where the defendant has entered absolute security for a stay of execution under the act of 16th June, 1836, and before the expiration of the *cesset* the surety dies, the court will not, on motion of the plaintiff, grant a rule on defendant to enter additional security, or in default thereof allow execution to issue.

JUDGMENT for the plaintiff was obtained in this case on the 25th July, 1840 (June term, 1840, No. 914). August 1, 1840, B. Duncan entered absolute security for stay of execution, under the act of 16th June, 1836, relating to executions, and shortly afterwards died. The time of the *cesset* for which the security was entered not having elapsed, the plaintiff obtained a rule to show cause why the defendant should not give additional security, or in default thereof, why execution should not issue.

*E. D. Tarr*, for rule.
*S. G. T. Campbell*, contra.

PER CURIAM.—We find no authority in the act of June, 1836, for granting the plaintiff's application. The plaintiff is not without security in point of fact, for the estate of Duncan is liable, and the recognisance must be discharged out of it. As to its

[*Wriggins v. Stevens.*]

sufficiency to answer that end, we cannot inquire. We have ruled, that the insolvency of a surety, happening after the recognisance entered into, is not a ground on which the court will interfere and make an order, such as is asked for here.[a]

Rule discharged.

---

[a] Vide Warner *v.* Bancroft, *ante* 95, and Shove *v.* Edgell, *ante* 174; the latter case as to the security for thirty days.